[Doc. No. 24]

# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| JOSE RIVERA, | : |
| | : |
|         Plaintiff, | : |
| | : |
| v. | :   Civil No.10-5546 (RBK/JS) |
| | : |
| CHUCK CAPELLI, et al., | : |
| | : |
|         Defendants. | : |

**REPORT AND RECOMMENDATION
REGARDING THE DISMISSAL OF PLAINTIFF'S
COMPLAINT PURSUANT TO FED. R. CIV. P. 37(b)(2)(A)(v)**

This matter is before the Court on the "Motion for Sanctions Directed to Plaintiff, Jose Rivera" [Doc. No. 24] filed by defendants Chuck Capelli, Jose Torres, Jr., Ptl. J.T. Spendiff, and the City of Vineland (collectively, "defendants"). ("Motion"). Defendants seek a grant of sanctions "up to and including dismissal of this action," pursuant to Fed. R. Civ. P. 26, 33, 34, and 37. (Motion at 1). No opposition has been filed to the motion. This Report and Recommendation is issued pursuant to 28 U.S.C. § 636(b)(1)(B). The Court exercises its discretion to decide defendants' motion without oral argument. Fed. R. Civ. P. 78; L. R. Civ. P. 37.1(b)(3). For the reasons to be discussed, the Court respectfully recommends that defendants' motion be GRANTED, and that plaintiff's complaint be dismissed.

Since dismissal is a drastic remedy, the Court will provide a detailed procedural history of the case. The history demonstrates that plaintiff has abandoned his claims and that dismissal is an appropriate remedy. Plaintiff filed his complaint [Doc. No. 1] on October 26, 2010, alleging defendants exercised excessive force in connection with his arrest on April 3, 2010. On April 4,

2011, defendants filed their answer [Doc. No. 12], denying all material allegations of plaintiff's complaint and raising all applicable affirmative defenses. The Court issued a Scheduling Order on April 7, 2011 [Doc. No. 14], setting August 31, 2011 as the deadline for pretrial discovery. On June 23, 2011, plaintiff filed notice with the Court as to a change of address. [Doc. No. 18]. Defendants assert that on June 30, 2011, they served plaintiff with interrogatories. (Motion ¶ 2). Defendants allege plaintiff failed to respond to these interrogatories, requiring the rescheduling of a deposition originally scheduled for August 3, 2011. (Id. at ¶¶ 4-6). Defendants claim they sent plaintiff three additional reminders regarding their interrogatories, to which plaintiff failed to respond. (Id. at ¶¶ 9-11). Defendants further allege they rescheduled plaintiff's deposition on two occasions, and that plaintiff failed to appear on both dates. (Id. at ¶¶ 8, 11-12). Defendants moved for an order compelling plaintiff to respond to discovery, which the Court granted on September 16, 2011. [See Doc. No. 23]. The Court ordered plaintiff to respond to interrogatories by October 7, 2011, and to appear for deposition on or before October 31, 2011. [Id.]. Defendants assert that, although plaintiff's deposition was again rescheduled for October 25, 2011, plaintiff failed to appear and, to date, has not responded to defendants' interrogatories. (Motion ¶¶ 15-18). On January 17, 2012, the Court issued an Order to Show Cause and ordered plaintiff to appear before the Court on February 2, 2012, and to show cause why his complaint should not be dismissed for failure to comply with the Court's previous Orders. [Doc. No. 25]. Plaintiff failed to appear.

Pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v), if a party fails to obey a discovery order, a Court is authorized to enter an Order "dismissing the action or proceeding in whole or in part." See Porten v. Auto Zone, Civ. No. 10–2629 (RMB/JS), 2011 WL 2038742, at *1 (D.N.J. May

24, 2011) (dismissing plaintiff's complaint for failure to respond to discovery). Dismissal is an "extreme" sanction, reserved for cases where a party has acted in "flagrant bad faith" and "callous disregard of [his or her] responsibilities." Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 643 (1976). In determining whether dismissal is appropriate for a party's failure to participate in discovery, the Court balances six factors:

> (1) the extent of a party's personal *responsibility*; (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a *history* of dilatoriness; (4) whether the conduct of the party or attorney was *willful* or in *bad faith*; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions*; and (6) the *meritoriousness* of the claim or defense.

Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984) (emphasis in original). The decision whether to dismiss is left to the Court's discretion. Ware v. Rodale Press, Inc., 322 F.3d 218, 221 (3d Cir. 2003). No particular Poulis factor is controlling, and dismissal may be granted even if some factors are not met. Id.; Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

An analysis of the six Poulis factors supports a recommendation of dismissal. First, plaintiff carries full personal responsibility for his failure to take part in the case because he proceeded in this action pro se. See Morales v. Trans Union LLC, Civ. No. 05-2549 (RMB), 2006 WL 2470375, at *1 (D.N.J. Aug. 23, 2006). Second, defendants are prejudiced by plaintiff's failure to produce discovery. Defendants were deprived of information in plaintiff's possession that they need to develop their defense, and were forced to spend significant time and resources in an effort to obtain plaintiff's responses, which to date have not been produced. See McEwen v. Mercer Cnty. Corr. Ctr., Civ. No. 05-2566 (JAP), 2007 WL 1217357, at *3 (D.N.J. Apr. 24, 2007) (citing Adams v. Trustees of New Jersey Brewery Employee's Pension Trust Fund, 29 F.3d 863, 874 (3d Cir. 1994)). Third, there is a history of dilatoriness on the part of

plaintiff.  Plaintiff has failed to respond to written discovery and has ignored Court Orders.  Fourth, plaintiff's actions have been willful.  Plaintiff received notice of the Court's Orders, and his actions indicate he has made a conscious and deliberate decision not to comply.  Fifth, the Court does not believe there is an available alternative sanction to obtain the requested discovery.  It is apparent to the Court that plaintiff has no intention of complying with the Court's discovery Orders or pursuing his claims.  See Porten, supra, at *1 (identifying plaintiff's inaction as a "clear message" of intent to abandon case).  This is evidenced by plaintiff's failure to comply with the Court's initial discovery deadline of August 31, 2011 [see Doc. No. 14] and the Court's September 16, 2011 Order to compel discovery [see Doc. No. 23], as well as plaintiff's failure to appear before the Court on February 2, 2012 to show cause for his prior noncompliance.  [See Doc. No. 25].  Last, the Court considers whether plaintiff's claims are meritorious.  In considering whether a claim or defense is meritorious, a summary judgment standard is not used.  Poulis, 747 F.2d at 869-70.  Instead, a "claim or defense will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by the plaintiff or would constitute a complete defense."  Id.  On its face, the Court cannot say that the complaint is without merit.  See December 14, 2010 Order (finding plaintiff's claims against defendants sufficient to withstand sua sponte dismissal).

      Despite the possible merit of plaintiff's claims, the balance of the Poulis factors overwhelmingly favors dismissal.  See Opta Systems, LLC v. Daewoo Electronics America, Civ. No. 05-5387 (JAP), 2007 WL 1040994, at *4 (D.N.J. 2007).  The Court recognizes that dismissal of a complaint is reserved for the most extreme cases.  Poulis, 747 F.2d. at 867-68.  Nevertheless, the Court believes this drastic relief is appropriate.  Plaintiff willfully refused to cooperate in

discovery, and his conduct manifests his intention not to produce discovery or to comply with the Court's Orders.  This being the case, there is no lesser alternative sanction available to defendants than to dismiss plaintiff's claims.

    Accordingly, and for the foregoing reasons, it is this 16th day of February, 2012, respectfully recommended that the plaintiff's claims be dismissed.  Pursuant to Fed. R. Civ. P. 72 and L. Civ. R. 72.1(a)(2), the parties shall have fourteen (14) days from the date of this Order in which to file any objections with the Court.

                                                 s/ Joel Schneider
                                                 JOEL SCHNEIDER
                                                 United States Magistrate Judge